IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERNEST SIMON SILVA III, | ) | CIV. NO. 15-00172 LEK-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING SUMMARY JUDGMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHNATHAN SILVA, JOEY | ) | |
| KANEAKALAU, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ORDER DENYING SUMMARY JUDGMENT

Before the court is *pro se* Plaintiff' "Motion For Summary Judgment." Doc. No. 30. Plaintiff seeks summary judgment based solely on his unsupported allegations in the Complaint and Defendants counter statements in the Answer. *See* Doc. Nos. 1 & 27. Plaintiff's Motion is DENIED.

### I. LEGAL STANDARD

"[T]he moving party always bears the initial responsibility of informing the district court of the basis for its motion [for summary judgment], and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). "When the party moving for summary judgment would bear the burden

of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *C.A.R. Transp. Brokerate Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).  That is, the moving party's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for [him]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted); *cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The judge's inquiry, therefore, unavoidably asks . . . whether there is evidence upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." )(emphasis in original) (internal quotations omitted)); *see also Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) ("But - particularly where, as here, the moving party is also the party with the burden of proof on the issue - it is important to remember the non-moving party must produce its significant, probative evidence only after the movant has satisfied its burden of demonstrating there is no genuine dispute on any material fact.").

A plaintiff seeking summary judgment must therefore demonstrate that there is no triable issue as to the matters

alleged in his or her own pleadings. *Calderone*, 799 F.2d at 259. That is, the moving party must establish beyond controversy every essential element of its claim or defense. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The moving party's evidence is judged by the same standard of proof applicable at trial. *Anderson*, 477 U.S. at 252.

If the moving party fails to meet this burden, "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## II.  **DISCUSSION**

Plaintiff fails to meet his initial burden of proof in support of his Motion. Plaintiff sets forth nothing showing that there is no genuine issue of material fact for trial, provides no basis for his Motion, and fails to establish beyond doubt *any* element of his claim that Defendant Silva assaulted him in his cell while Defendant Kaneakalau acted as the look out. Plaintiff also fails to follow the Federal and Local Rules for the District of Hawaii relating to a motions for summary judgment. *See* Fed. R. Civ. P. 56(a); Local Rule LR56.1(a). In short, Plaintiff

provides no "significant probative evidence tending to support the complaint." *Liberty Lobby, Inc.*, 477 U.S. at 249; *Rivera v. AMTRAK*, 331 F.3d 1074, 1078 (9th Cir. 2003).  Plaintiff neither directs the court to evidence entitling him to a directed verdict if that evidence went uncontroverted at trial, nor establishes beyond controversy every essential element in his claims. Summary judgment is inappropriate, and Defendants are not required to oppose this Motion or to produce any evidence controverting Plaintiff's arguments.  Plaintiff's Motion is DENIED.

      DATED AT HONOLULU, HAWAII, August 24, 2015.



      /s/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States District Judge

*Silva v. Silva, et al.*, Civ. No. 15-00172 LEK/BMK; psas/Ords '15; J:\PSA Draft Ords\LEK\Silva 15-172 LEK (MSJ fmeetbrdprf).wpd